UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXPERI-METAL INC.
    Plaintiff,

v.                                            Civil Case No.   09-14890
                                                        Hon.   P. Duggan
                                                        Mag.   P. Komives

COMERICA BANK
    Defendant.
_____/

| | |
|---|---|
| Richard Tomlinson (P27604) | Henry Stancato  (P 29538) |
| Driggers, Schultz & Herbst, P.C. | Simon, Galasso & Frantz, PLLC |
| 2600 W. Big Beaver Rd, Ste 550 | 363 W. Big Beaver Rd., Ste. 250 |
| Troy, MI  48084 | Troy, MI  48084 |
| (248) 649.6000 | (248) 720-0290 |
| rtomlinson@driggersschultz.com | hstancato@sgfattorneys.com |
| Attorneys for Experi-Metal, Inc. | Attorneys for Comerica Bank |

_____/

**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES**

1. Admitted.

2. Admitted.  Comerica Bank is a Texas banking organization with principal offices at Dallas, Texas.

3. Admitted for amount in controversy purposes only.

4. Comerica Bank lacks sufficient information knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the complaint.

5. Admitted.

6. Admitted.

1

7. Admitted that both Comerica Bank and EMI agreed to use digital certificates for authentication purposes.

8. Denied except there is no controversy between the parties that digital certificates were formerly used as part of the authentication procedure.

9. Admitted that EMI downloaded digital certificates, a standard, commercially reasonable procedure.

10. Admitted that in 2008, Comerica Bank urged its customers to adopt token technology for authentication purposes.

11. Denied that there existed any expert consensus that token technology should not be used as a component in authentication purposes in online banking transactions.

12. Denied.

13. Denied.

14. Comerica Bank lacks sufficient information knowledge or information sufficient to form a belief about the truth of the allegations in complaint paragraph 14.

15. Comerica Bank lacks sufficient information knowledge or information sufficient to form a belief about the truth of the allegations in complaint paragraph 15.

16. Denied that the alleged website "appeared to be a Comerica website" to any reasonably alert person who was responsible for safeguarding EMI's financial records and digital credentials.

17. Comerica Bank lacks sufficient information knowledge or information sufficient to form a belief about the truth of the allegations in complaint paragraph 17.  Comerica Bank affirmatively indicates that if this allegation is accurate, then the actions attributed to an

EMI employee constituted a breach by EMI of the parties' agreements and security procedures which constitutes the cause of EMI's alleged loss.

18. Comerica admits that a series of wire transfers were initiated using the credentials of an EMI employee.  Comerica lacks sufficient information concerning the identity of any person(s) involved in these transactions instead of, or in addition to, the EMI employee whose credentials were used.

19. Admitted that a person using EMI employee credentials initiated several dozen wire transfers. Comerica lacks sufficient information concerning the identity of any person(s) involved in these transactions instead of, or in addition to, the EMI employee whose credentials were used.

20. Denied.

21. Denied.  A Comerica Bank employee contacted EMI at approximately noon.

22. Admitted.

23. Denied that Comerica Bank "failed to abide" by EMI's request.  Comerica Bank initiated procedures to halt outgoing wire transfers on EMI's payment orders.  Comerica Bank further initiated procedures to recover wire transfer payments that had already been transmitted.

24. Admitted that $560,000 in wire transfers were initiated from EMI's account.

25. Complaint paragraph 25 does not require a responsive pleading.

26. Denied that any perpetrators infiltrated EMI's bank accounts.  Valid credentials assigned to an EMI employee were used to authenticate a logon for purposes of online banking transactions.  If some unknown criminals used those credentials, rather than the EMI

employee to whom they had been entrusted, this was caused solely by the actions of that EMI employee.

27. Denied to the extent that EMI's own credentials were used for authentication purposes.

28. Denied.

29. Denied.

30. Denied.

31. Denied because EMI has misstated the time of its conversation with a Comerica employee and because EMI did not bring any suspected fraud to Comerica Bank's attention; Comerica contacted EMI,.

32. Denied.

33. Denied.

## PRAYER FOR RELIEF

Comerica Bank requests an order dismissing the complaint with prejudice and awarding to Comerica Bank whatever costs, interest, attorneys fees and other sanctions may be allowed by law.

Date: December 23, 2009          /s Henry Stancato
                                 Simon, Galasso & Frantz, PLLC
                                 363 West Big Beaver Road, Suite 250
                                 Troy, MI  48084
                                 (248) 720-0290
                                 hstancato@sgfattorneys.com
                                 P29538

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim for which relief can be granted.

2. The disputed payment orders were effective because Comerica and EMI previously agreed that the authenticity of payment orders issued to Comerica in the name of EMI as sender would be verified pursuant to the security procedures followed in the disputed series of transactions.

3. Comerica accepted the disputed payment orders in good faith.

4. Comerica accepted the disputed payment orders in compliance with the security procedures applicable to the parties' banking relationship.

5. Comerica accepted the disputed payment orders in compliance with the applicable written agreements between Comerica and EMI.

6. EMI contradicted the parties' written agreements with its alleged instructions to Comerica to disregard previous payment orders.

7. EMI failed to provide its alleged instructions to Comerica to disregard payment orders in a time or manner affording Comerica a reasonable opportunity to act before the payment orders were accepted.

8. The applicable security procedures were commercially reasonable because they were consistent with EMI's wishes as expressed to Comerica.

9. The applicable security procedures were commercially reasonable in light of EMI's circumstances as known to Comerica including the size, type and frequency of EMI's payment orders normally issued to Comerica..

10. The applicable security procedures were commercially reasonable because Comerica offered alternative security procedures to EMI.

11. The applicable security procedures were commercially reasonable because they were in general use by other Comerica customers.

12. The applicable security procedures were commercially reasonable because they were in general use by other similarly situated customers of other banks.

13. The applicable security procedures were commercially reasonable because they were in general use by other similarly situated banks.

14. The applicable security procedures were commercially reasonable because EMI chose them after the Comerica offered and EMI refused alternative commercially reasonable security procedures and EMI expressly agreed in writing to be bound by any payment order, whether or not authorized, issued in its name that was accepted by Comerica in compliance with the security procedure chosen EMI.

15. Comerica claims the protection of MCL 566.132(2).

16. The parties' written agreements limit Comerica's liability as provided by MCL 440.4703(1)(a).

17. EMI cannot meet its burden under MCL 440.4703(1)(b)(i) to disprove that the disputed payment orders were caused, directly or indirectly, by a person entrusted at anytime with duties to act for EMI with respect to payment orders or the security procedure.

18. EMI cannot meet its burden under MCL 440.4703(1)(b)(ii) to disprove that the disputed payment orders were caused, directly or indirectly, by a person who obtained information

facilitating breach of the security procedure from a source controlled by EMI and without authority of the Comerica.

19. The parties' agreements contain jury waiver provisions which prohibit a jury trial in this action.

| | |
|---|---|
| Date: December 23, 2009 | /s Henry Stancato<br>Simon, Galasso & Frantz, PLLC<br>363 West Big Beaver Road, Suite 250<br>Troy, MI  48084<br>(248) 720-0290<br>hstancato@sgfattorneys.com<br>P29538 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2009, I electronically filed COMERICA BANK'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES with the Clerk of the Court using the EFC System which will send notification of such filing to: Richard Tomlinson

Date: December 23, 2009               /s Henry Stancato
                                      Simon, Galasso & Frantz, PLLC
                                      363 West Big Beaver Road, Suite 250
                                      Troy, MI  48084
                                      (248) 720-0290
                                      hstancato@sgfattorneys.com
                                      P29538