UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXPERI-METAL, INC.,

       Plaintiff,

v.                                    Case No. 09-14890
                                     Honorable Patrick J. Duggan

COMERICA BANK,

       Defendant.
_____/

## OPINION AND ORDER GRANTING COMERICA BANK'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

      On November 17, 2009, Plaintiff Experi-Metal, Inc. ("Experi-Metal") filed a one-count complaint in state court against Defendant Comerica Bank ("Comerica"), alleging a violation of Michigan's Uniform Commercial Code, Michigan Compiled Law Sections §§ 440.4601- 4957.  Comerica removed the action to this Court based on diversity jurisdiction on December 17, 2009.  *See* 28 U.S.C. §§ 1332 and 1441.  Presently before the Court is Comerica's motion to strike the jury demand in Plaintiff's Complaint.  In the motion, Comerica also seeks an award of its attorney's fees and costs expended on the motion due to Experi-Metal's refusal to stipulate to the relief requested.  The motion has been fully briefed and, on August 10, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Factual and Procedural Background

As set forth in further detail in this Court's opinion and order denying Comerica's motion for summary judgment (Doc. 26), this case arises from an agreement between Comerica and Experi-Metal with respect to Experi-Metal's use of Comerica's online wire transfer service. As a result of the actions of Experi-Metal's Controller, a third-party obtained Experi-Metal's confidential information to access its account with Comerica and used that confidential information to initiate fraudulent online wire transfers from Experi-Metal's account to accounts in Russia, Estonia, Scotland, Finland, and China, as well as domestic accounts. These fraudulent wire transfers occurred over an approximately four and a half hour period on January 22, 2009, and caused $1,901,269 to be transferred out of Experi-Metal's account. Comerica was able to recover all but $560,000, which amount was charged to Experi-Metal's account.

Experi-Metal filed this action on November 17, 2009, contending that Comerica is liable for the amount charged to Experi-Metal's account as a result of the fraudulent wire transfers. In its Complaint, Experi-Metal alleges one count against Comerica: "violation of MCL 440.4601 *et seq.*" (Doc. 1 Ex. 1.) Experi-Metal demands a jury trial in its Complaint. (*Id.*)

On April 2, 2010, Comerica filed a motion for summary judgment. The Court denied the motion in an opinion and order issued on July 8, 2010, finding a genuine issue of material fact with respect to whether Comerica accepted the wire transfer orders "in good faith and in compliance with the security procedure and any written agreement or

instruction of the customer restricting acceptance of payments orders issued in the name of the customer." (Doc. 26 at 12 (citing Mich. Comp. Laws § 440.4702(2)).) In the Court's decision, it found *inter alia* that Comerica's Services Agreement and Master Agreement governed the parties' relationship with respect to online wire transfers.

The Master Agreement states, as relevant to the pending motion:

> CUSTOMER AND BANK ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL ONE, BUT THAT IT MAY BE WAIVED. EACH PARTY, AFTER CONSULTING OR HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL OF THEIR CHOICE, KNOWINGLY AND VOLUNTARILY, AND FOR THEIR MUTUAL BENEFIT, WAIVES ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION REGARDING THE PERFORMANCE OR ENFORCEMENT OF, OR IN ANY WAY RELATED TO, THIS AGREEMENT.

(Def.'s Mot. Ex. 3 ¶ 20.) Based on this provision and the Court's finding that the agreement governs the parties' relationship with respect to online wire transfers governs, Comerica filed its motion to strike Experi-Metal's jury demand.

## Applicable Law

The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in a civil case where legal rights are asserted. U.S. Const. amend. VII; *Golden v. Kelsey-Hayes*, 73 F.3d 648, 659 (6th Cir. 1996) (holding that there is no right to a jury trial when "[t]he case will resolve . . . only equitable rights.") "Although the case is before the Court on diversity jurisdiction, the question of one's right to a jury trial, even where that right has been addressed through a contractual provision, is governed by federal law, not state law." *Chesterfield Exch., LLC v. Sportsman's Warehouse, Inc.*, 528

F. Supp. 2d 710, 712 (E.D. Mich. 2007) (citing *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (1985)). The right to a jury trial may be waived, however. *Preferred RX, Inc. v. Am. Prescription Plan, Inc.*, 46 F.3d 535, 548 (6th Cir. 1995) (citations omitted).

"It is clear that the parties to a contract may by prior written agreement waive the right to jury trial." *K.M.C. Co.*, 757 F.2d at 755. Thus, "a contractual provision for waiver of jury trial in the event of a dispute among the contracting parties will be enforced." *JP Morgan Chase Bank v. Winget*, 639 F. Supp. 2d 830, 834 (E.D. Mich. 2009) (internal quotation marks and citation omitted). Nevertheless, any waiver "will be strictly construed." *Id*. Further, a waiver only will be enforced if it was knowingly, voluntarily, and intentionally made. *K.M.C. Co.*, 757 F.2d at 755.

**Analysis**

In response to Comerica's motion, Experi-Metal does not contend that the jury trial waiver in the Master Agreement was not knowingly, voluntarily or intentionally made. Instead, Experi-Metal only argues that the good faith issue that now must be decided by the trier of fact is not within the scope of the jury trial waiver because it is governed by Michigan's UCC, which provides that the obligation of good faith may not be varied by the parties. *See* Mich. Comp. Laws § 440.4702(6). To support its argument, Experi-Metal relies on the District Court for the Middle District of Florida's unpublished decision in *Riverside Portable Storage, Inc. v. PODS, Inc.*, No. 8:08-1777-T-24, 2009 WL 804666 (Mar. 27, 2009). This decision, however, does not support Experi-Metal's argument.

4

In *Riverside*, the parties entered into two agreements. The first agreement, entered in 2003, was a written agreement for the plaintiff to purchase from the defendants a franchise and the exclusive right to operate in a given protected area. 2009 WL 804666, at *1. This written agreement contained a jury trial waiver provision. *Id*. The second agreement was an oral agreement reached in 2004, pursuant to which the defendants agreed to sell the plaintiff the exclusive rights to operate franchises in an area adjacent to the protected area. *Id*.

In its lawsuit against the defendants, the plaintiff alleged separate breach of contract and promissory estoppel claims with respect to the two agreements. *Id*. The district court held that the plaintiff's claims relating to the oral agreement were not within the scope of the written agreement and that, therefore, the plaintiff was entitled to a jury trial with respect to those claims. *Id*. at *2. The court reasoned:

> These claims [arising from the oral agreement] are grounded in business dealings not contemplated by the 2003 franchise agreement, could exist regardless of whether Plaintiff and Defendants ever entered into the original agreement, and are not in any way governed by that agreement or its legal limitations. Thus the claims are not sufficiently connected to the December 2003 franchise agreement to fall within the scope of its jury trial waiver provision.

*Id*. The court, however, enforced the jury trial waiver with respect to the plaintiff's claims arising from the written agreement.

In the present matter, as this Court already found in deciding Comerica's summary judgment decision, the Master Agreement governs Comerica's and Experi-Metal's banking relationship with respect to Comerica's wire transfer service. Experi-Metal's

5

lawsuit arises from Comerica's conduct with respect to the wire transfer service; at the very least, it is related to that conduct. The jury trial waiver provision of the agreement expressly applies to "litigation *regarding the performance* or enforcement of, *or in any way related to*, this agreement." (Def.'s Mot. Ex. 3 ¶ 20 (capitalization removed and emphasis added).) In short, Experi-Metal's claim is grounded in or based on the relationship contemplated in the Master Agreement and thus falls within the scope of its jury trial waiver provision.

This is so even though Michigan's UCC sets forth law applicable to deciding which party bears the risk of a fraudulent wire transfer order and provides that, with limited exceptions, "rights and obligations arising under this section [§ 440.4702] . . . may not be varied by agreement." Notably, Section 440.4702 does not address the right to a jury trial and therefore does not prevent parties whose contracts are governed by the provision from agreeing to waive that right. Furthermore, while Michigan law may define "good faith" for purposes of determining whether a bank can assert the risk of loss against its customer, the issue of whether Comerica accepted the fraudulent wire transfer orders in good faith is not the only triable issue identified by the Court in its July 8, 2010 decision. The Court also found a genuine issue of material fact with respect to whether Comerica complied with its security procedure when it accepted the wire transfer orders initiated with Keith Maslowski's user information and whether it had a reasonable opportunity to act in response to Experi-Metal's instructions mid-way through the fraudulent activity to execute no further wire transfer orders. (Doc 26 at 13, 15-16).

**Conclusion**

For the reasons set forth above, the Court concludes that Experi-Metal's claim falls within the scope of the jury trial waiver provision in the Master Agreement. The Court therefore holds that Experi-Metal's demand for a jury trial in its Complaint should be stricken. The Court, however, does not believe that an award to Comerica of the attorney's fees and costs it incurred to bring this motion are warranted.

Accordingly,

**IT IS ORDERED**, that Comerica Bank's Motion to Strike Plaintiff's Jury Demand is **GRANTED**.


Date: September 21, 2010              s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Richard B. Tomlinson, Esq.
Daniel R. Boynton, Esq.
Joseph W. Thomas, Esq.
Todd A. Holleman, Esq.
Lara Lenzotti Kapalla, Esq.