UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXPERI-METAL, INC.,

    Plaintiff,

v.                                          Case No. 09-14890
                                            Honorable Patrick J. Duggan

COMERICA BANK,

    Defendant.
_____/

## **JUDGMENT**

This matter arises from a "phishing" attack on January 22, 2009, that resulted in a criminal hijacking the bank accounts Plaintiff Experi-Metal, Inc. ("Experi-Metal") maintained with Defendant Comerica Bank ("Comerica" or "bank") and wire transferring more than $1.9 million from those accounts to destinations around the globe.  Experi-Metal filed this action against Comerica on November 17, 2009, seeking to hold Comerica liable for the $561,399.00 in stolen funds that were not recovered.  On June 13, 2011, the Court issued a bench opinion in which it concluded that, under Michigan law, the risk of loss for the fraudulent wire transfers falls upon Comerica.  The Court instructed Experi-Metal's counsel to submit a judgment for entry by this Court after obtaining approval as to its form by Comerica's counsel.

On June 22, 2011, Experi-Metal filed a Notice of Entry of Judgment that states: "Please take notice that the attached proposed Judgment in favor of Plaintiff will be presented to the Honorable Patrick J. Duggan for entry if no written objections thereto are

filed with the Court within seven (7) days . . ." (Doc. 67.) The proposed judgment Experi-Metal submitted provides for Experi-Metal to recover from Comerica $561,399.00 "plus costs to be taxed and statutory interest from January 22, 2009 until the Judgment is satisfied in accordance with MCLA § 440.4704(2)." On June 29, 2011, Comerica filed an objection to Experi-Metal's proposed judgment (Doc. 68) and submitted an alternative judgment in the amount of $49,300, "plus reasonable and allowable costs to be taxed and statutory interest until the Judgment is satisfied." Comerica argues that it is not liable for the full amount of Experi-Metal's $561,300 loss because the Court held that Comerica did not have a duty to monitor the activity in Experi-Metal's accounts and therefore could not have detected and stopped the fraud until it had actual notice and confirmation of it.[1]

Comerica apparently misunderstands the Court's June 13, 2011 bench opinion. In that opinion, this Court held that under Michigan's Uniform Commercial Code, wire transfer orders are effective as orders of the customer, even if the customer did not authorize the payment orders, if the bank proves *inter alia* that it accepted the orders in good faith. (*See* 6/13/11 Bench Op. at 2.) The Court indicated that the "good faith" standard is comprised of two prongs: a subjective "pure heart and empty head" standard and an objective standard requiring a bank to comply with "reasonable commercial

---

[1] Comerica also objects to Experi-Metal's request for prejudgment interest, contending that Michigan Compiled Law Section 440.4704(2) "says nothing about any award of interest." (Doc. 68 at 4.) In fact, Section 440.4704(1) provides: ". . . the bank shall refund any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment [against customer] and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund." Mich. Comp. Laws § 440.4704(1).

2

standards of fair dealing." (*Id.* at 21-22.) The Court found that Comerica failed to satisfy its burden of proving that it complied with the second prong:

> Comerica was required to present evidence from which this Court could determine what the "reasonable commercial standards of fair dealing" are for a bank responding to a phishing incident such as the one at issue and thus whether Comerica acted in observance of those standards. Comerica presented *no such evidence* and thus it has not satisfied its burden of showing that it satisfied the objective prong of the "good faith" requirement.

(*Id.* at 25 (emphasis added).) Although not explicitly stated in the Court's decision, the risk of loss for *all* of the fraudulent wire transfer orders falls upon Comerica because Comerica presented "no . . . evidence" to support its burden of proving its satisfaction of the second prong of the "good faith" requirement.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED**, that **JUDGMENT** is entered in favor of Experi-Metal, Inc. and against Comerica Bank in the amount of $561,399.00, plus reasonable costs to be taxed and statutory interest from January 22, 2009 (the date the bank received the payment order) until the Judgment is satisfied.


Dated:July 7, 2011

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Richard B. Tomlinson, Esq.
Daniel R. Boynton, Esq.
Joseph W. Thomas, Esq.
Todd A. Holleman, Esq.
Lara Lenzotti Kapalla, Esq.